Burke, J.
(dissenting). The amended complaint should be dismissed because the misrepresentations alleged relate only to future expectations.
No doubt a remedy in tort would be available to the plaintiff if the fraudulent promissory representations dealt with matters completely under the control of the defendant and implemented existing contractual obligations (Sabo v. Delman, 3 N Y 2d 155; A. S. Rampell, Inc., v. Hyster Co., 3 N Y 2d 369). It does not follow that there would be also a remedy where the representations are nothing more than a recital of the defendant’s predictions or statements of expectations (Adams v. Clark, 239 N. Y. 403, 410). The amendment of the original complaint by the incorporation of the words “ then existing ”; “ then capable of selling ”; “ that it had entered into no binding commitments with other customers ” and “ the period of scarcity which followed ” has not cured the defects inherent in the original complaint. When the amended complaint is read as a whole and compared with the original complaint, it is clearly evident that the alleged representations relate to an unknown, uncertain and indefinite future period, not to an existing fact. These allegations do not treat at a particular time with the state of mind of a person in possession of all information whose expressed intentions as to the future can readily be effectuated, but with unpredictable problems of the logistics of supply and demand of not only finished products but also raw materials in a huge industry beset by many varieties of weather, of labor relations, of customers’ demands and of government needs. The alleged representations under such circumstances could neither be affirmation of events Avhich, when made, defendant knew would not occur nor assertions of present facts susceptible of knowledge. Any reliance on the alleged representations, therefore, was unjustifiable as plaintiff knew perfectly well that the representations of necessity were speculative. Such representations aat.11 not support an action for fraud. We do not say that an allegation of a promise made Avith the present intention to break it would not be actionable. Cases such as Deyo v. Hudson (225 N. Y. 602) and Adams v. Clark (supra) are cited to uphold this doctrine. But here the defendant made no promise and the plaintiff parted with nothing.
*410 As we regard them, the alleged representations do not reflect a statement of present intention which could be judged a statement of an existing fact which may be the basis for a fraud action.
Therefore, the order appealed from should be reversed and the amended complaint should be dismissed.
Chief Judge Conway and Judges Desmond and Froessel concur with Judge Fuld; Judge Burke dissents in an opinion in which Judges Dye and Van Voorhis concur.
Order affirmed, etc.